# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-60114
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 22, 2015

Lyle W. Cayce
Clerk

DONOVAN EVANS,

Plaintiff-Appellant

v.

WHITNEY WRIGHT; WENDIE FOOR; DANIEL STARKS; ADLEAN JONES,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-998

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Donovan Evans, a pretrial detainee at the Lauderdale County Detention Center, filed a 42 U.S.C. § 1983 action seeking damages on the basis that the defendants and fellow inmates harassed him. Pursuant to 28 U.S.C. § 1915(e)(2)(B), the district court dismissed Evans's action for failure to state a claim upon which relief could be granted.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-60114

A district court is required to dismiss a prisoner's complaint if it is frivolous, malicious, or fails to state a claim for relief. § 1915(e)(2)(B)(i) & (ii). Evans does not challenge the district court's determination that his action was subject to dismissal on the basis of res judicata and collateral estoppel. Evans also does not challenge the district court's alternative decision that his action was subject to dismissal on the basis that he failed to exhaust his administrative remedies. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987); *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

The dismissal by the district court of Evans's complaint counts as a strike for purposes of § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Evans has already accumulated at least two other strikes. *See Evans v. Cessna*, No. 3:14-cv-00846 (S.D. Miss. Dec. 1, 2014); *Evans v. State of Mississippi*, No. 3:13-cv-00996 (S.D. Miss. April 7, 2014); *see also Coleman v. Tollefson*, 135 S. Ct. 1759, 1763-64 (2015). Evans is therefore barred from proceeding in forma pauperis while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; BAR IMPOSED.